No. 87–6127. POST v. OHIO. Sup. Ct. Ohio. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231–241 (1976) (MARSHALL, J., dissenting), I would vacate the judgment of the Ohio Supreme Court insofar as it left undisturbed the sentence of death imposed in this case.

## II

Even if I did not hold this view, I would vacate petitioner's sentence because it was imposed under the same circumstances this Court recently condemned in *Booth* v. *Maryland,* 482 U. S. 496 (1987). In *Booth,* the Court invalidated a Maryland statute that required the sentencer in a capital case to consider information contained in a "victim impact statement." The statement was prepared by the Maryland State Division of Parole and Probation, and it described the emotional impact of the crime on the victim's family members as well as their opinions of the offense, the offender, and the appropriate punishment. This Court held that such information is irrelevant to a capital sentencing decision and that its admission creates a constitutionally impermissible risk that the jury will impose the death penalty in an arbitrary manner. We concluded that the introduction of such evidence is inconsistent with the reasoned decisionmaking required in capital cases.

In the instant case, petitioner Ronald Ray Post entered a plea of no contest to charges of aggravated murder and aggravated robbery arising out of the killing of a motel desk clerk during an armed robbery of the motel. A three-judge panel convicted petitioner on all counts and convened a sentencing hearing. At the sentencing hearing, the panel received a presentence report prepared by the county department of probation that contained a victim impact statement. In addition, the victim's son testified orally to the panel regarding the effect of the murder on the victim's family and urged the panel to return a sentence of death. The panel found one aggravating circumstance—that the murder was committed during the course of an armed robbery—and no mitigating circumstances; it therefore sentenced petitioner to death.

The Ohio Supreme Court affirmed petitioner's sentence on appeal, rejecting petitioner's argument that his sentence must be vacated because it was imposed in violation of *Booth* v. *Maryland, supra.* 32 Ohio St. 3d 380, 513 N. E. 2d 754 (1987). The court recognized that the admission of the written victim impact statement and the oral testimony of the victim's son was error under both Ohio law and the federal constitutional analysis of *Booth.* But the court concluded that the error was not prejudicial

because the sentencer was a three-judge panel rather than a jury. Citing a pre-*Booth* Ohio case, the court invoked the presumption that judges consider only relevant evidence and found that a court's capital sentencing decision must stand absent an indication that the court "was influenced by or considered" victim impact evidence in arriving at its decision. 32 Ohio St. 3d, at 384, 513 N. E. 2d, at 759. Observing that the panel's written opinion mentioned the victim impact evidence but did not cite it as a basis for its decision, the court concluded that petitioner's sentence could stand. *Ibid.*

The reasoning of the Ohio Supreme Court is flatly inconsistent with both the holding and the reasoning of this Court's decision in *Booth.* The Maryland statute considered in *Booth* required that victim impact evidence be considered by *both* courts and juries.* This Court's complete invalidation of that statute in no way distinguished or preserved a question as to nonjury sentencings. Moreover, in *Booth,* both the Maryland Court of Appeals and the State in its argument to this Court relied primarily on a prior Maryland case in which the capital sentencer was a judge. See *Lodowski* v. *State,* 302 Md. 691, 490 A. 2d 1228 (1985). This Court noted that argument and cited *Lodowski* in *Booth* without according any relevance to the identity of sentencer. See *Booth* v. *Maryland, supra,* at 506–507, n. 9. Furthermore, the reasoning of the *Booth* opinion made clear that the result in that case did not require a showing that the victim impact evidence actually "influenced" the sentencer. Rather, the Court expressly stated that the victim impact evidence was inadmissible because it created "a constitutionally unacceptable *risk*" that the sentencer would impose the death penalty in an arbitrary manner. 482 U. S., at 503 (emphasis added). Indeed, the Court summarized its holding by stating: "We conclude that *the introduction* of a [victim impact statement] at the sentencing phase of a capital murder trial violates the Eighth Amendment . . . ." *Id.,* at 509 (emphasis added). The Ohio Supreme Court could have reached its conclu-

---

*The Maryland statute read in relevant part:

"In any case in which the death penalty is requested . . . a presentence investigation, including a victim impact statement, shall be completed by the Division of Parole and Probation, and shall be considered by *the court or jury* before whom the separate sentencing proceeding is conducted . . . ." Md. Ann. Code, Art. 41, § 4–609(d) (1957) (emphasis added).

sion only be ignoring these significant aspects of this Court's decision in *Booth*.

I am mindful of the established presumption that judges are able to distinguish between relevant and irrelevant evidence. There is every indication in this case, however, that the three-judge panel failed to make any such distinction. The panel's written opinion explicitly notes that it "considered" the presentence report submitted to it, which contained the victim impact statement, and that it "heard" the statement of the victim's son. App. to Pet. for Cert. 39, 40. At no point either at the hearing or in its opinion did the panel demonstrate any awareness that such evidence was inadmissible under state law or prohibited by the Federal Constitution. More important, the presumption that judges know and apply the rules of evidence should not be converted into license to conclude that judges are inhuman, incapable of being moved by passion as well as by reason. It would be unrealistic and unwise to presume that no judge could be moved, in both heart and deed, by the anguish and rage expressed by a murder victim's family. The potentially inflammatory effect of such evidence convinced this Court in *Booth* that its admission endangered the reasoned decisionmaking required in capital cases. In the instant case, in which the evidence took the form of personal testimony as well as third-person, written description, there is no reason to denigrate that danger simply because the recipients of the evidence wore judicial robes.

The Ohio Supreme Court's decision in this case threatens to undermine both the holding and the reasoning of this Court's decision in *Booth*. The Court should grant certiorari in order to preserve the integrity of its recent pronouncement. I dissent.